WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy McQuagge,<br>　　　　　Petitioner,<br>v.<br>Corizon Health Incorporated, et al.,<br>　　　　　Respondents. | No. CV-18-03175-PHX-ROS (ESW)<br>**ORDER** |

The Court has reviewed the parties' briefing concerning Defendants' "Motion to Disqualify Plaintiff's Expert, John O'Steen, M.D." (Doc. 24). For the reasons explained below, the Court will deny the Motion.

## **I. LEGAL STANDARDS**

Federal courts have the inherent power to disqualify expert witnesses to protect the integrity of the adversary process, protect privileges that otherwise may be breached, and promote public confidence in the legal system. *See Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) ("A district court is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial . . . including disqualifying expert testimony."). Disqualification is a drastic measure that courts should use reluctantly and rarely. *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004).

## **II. DISCUSSION**

Plaintiff is the statutory beneficiary of the deceased William Holtz, who died while

incarcerated in an Arizona state prison. Plaintiff alleges that Mr. Holtz' death was a result of Defendants' failure to provide adequate medical care. (Doc. 1-3 at 3-9). Plaintiff has disclosed John O'Steen, M.D. as an expert witness to provide testimony concerning the standard of care that Defendants should have used in treating Mr. Holtz' medical conditions. Defendants do not dispute that Dr. O'Steen meets the professional qualifications of an expert under ARIZ. REV. STAT. § 12-2604 and Federal Rule of Civil Procedure 702. (Doc. 27 at 3). Nevertheless, Defendants assert that Dr. O'Steen must be disqualified in this matter.

Defendants' Motion to Disqualify (Doc. 24) relies primarily on a decision in a Superior Court of Arizona case that involved the death of another Arizona prisoner. The plaintiff in that case also retained Dr. O'Steen as a medical standard of care expert. (Doc. 24-1 at 2-6). The state court found that Dr. O'Steen communicated with two of the defendants' staff members regarding the plaintiff's medical care both before and after he was retained as the plaintiff's expert. (*Id.* at 4). The state court's decision states that:

> Dr. O'Steen's action in interviewing witnesses for Plaintiffs is akin to being Plaintiffs' investigator. The Court did not see any evidence that Plaintiffs' legal team did anything to warn Dr. O'Steen not to speak with Corizon's former employees . . . . Plaintiffs' legal team also knew since May 14, 2017 that Dr. O'Steen had discussions with Corizon employees about [the deceased's] care.

(*Id.*). The state court concluded that Plaintiffs' counsel violated Arizona Rule of Professional Conduct ER 4.2 "when Dr. O'Steen had *ex-parte* communications 'about the subject of the representation' with a represented party."[1] (*Id.* at 4-5). The state court further found that Plaintiffs' counsel violated Arizona Rules of Professional Conduct ER 5.3 and 8.4(a)[2] when

---

[1] Arizona Rule of Professional Conduct ER 4.2 provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

[2] Arizona Rule of Professional Conduct ER 5.3 requires a lawyer to adequately supervise a nonlawyer retained by or associated with a lawyer. Under Arizona Rule of Professional Conduct ER 8.4(a), it is professional misconduct for a lawyer to violate or

> Plaintiffs' legal team asked Dr. O'Steen to find out who would be willing to testify, knew that Dr. O'Steen was going to talk to witnesses, took no action to warn Dr. O'Steen not to talk to [the two staff members], failed to disclose the information provided by Dr. O'Steen, and took advantage of the information provided by Dr. O'Steen by noticing [the two staff members] for deposition and asserting a new claim for deliberate indifference. The Court specifically finds that Plaintiffs' attorneys ratified Dr. O'Steen's conduct.

(*Id.* at 5). As a sanction for the misconduct of the Plaintiffs' counsel, the state court struck Dr. O'Steen as an expert and precluded Plaintiffs from calling the two staff members in their case-in-chief. (*Id.* at 6). Defendants have not disputed Plaintiff's assertion that those staff members worked at a different prison complex than Mr. Holtz was housed. (Doc. 25 at 6). Defendants have not produced substantive evidence indicating that the staff members had contact with Mr. Holtz. Nor have Defendants alleged that Plaintiff's counsel has engaged in the type of professional misconduct in this matter for which counsel was sanctioned in the state court case. The Court does not find the existence of circumstances that warrant the disqualification of Dr. O'Steen as an expert witness in this matter.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Defendants' "Motion to Disqualify Plaintiff's Expert, John O'Steen, M.D." (Doc. 24).

Dated this 8th day of August, 2019.



Eileen S. Willett
United States Magistrate Judge

---

attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.