WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy McQuagge,<br><br>    Petitioner,<br><br>v.<br><br>Corizon Health Incorporated, et al.,<br><br>    Respondents. | No. CV-18-03175-PHX-ROS (ESW)<br><br>**ORDER** |

      Pending before the Court is Defendants' "Motion to Extend Case Deadlines" (Doc. 39). This is Defendants' third request for deadline extensions. (Docs. 19, 26).

      On January 9, 2019, the Court issued a Case Management Order setting (i) April 19, 2019 as the deadline for Plaintiff's expert disclosures; (ii) May 17, 2019 as the deadline for Defendants' expert disclosures; (iii) June 14, 2019 as the deadline for rebuttal expert disclosures; (iv) August 2, 2019 as the discovery deadline; and (v) August 16, 2019 as the dispositive motion deadline. (Doc. 18 at 3-4). The Case Management Order advises the parties that "the Court intends to enforce the deadlines and guidelines set forth in this Order, and they should plan their litigation activities accordingly." (*Id.* at 6) (emphasis omitted). The Court granted Defendants' two prior Motions to Extend Case Deadlines (Docs. 19, 26). As set forth in the Court's June 26, 2019 Order (Doc. 29), the deadline for disclosing Defendants' experts was July 31, 2019 and the deadline for disclosing rebuttal experts was August 30, 2019.

      On May 30, 2019, Defendants filed a "Motion to Disqualify Plaintiff's Expert, John

O'Steen, M.D." (Doc. 24). The Court denied the Motion on August 8, 2019. (Doc. 36). Approximately two months later, on October 4, 2019, Defendants filed a third "Motion to Extend Case Deadlines" (Doc. 39).[1] Defendants request that the Court extend (i) the defense expert disclosure deadline to October 31, 2019; (ii) the rebuttal expert deadline to November 29, 2019; (iii) the settlement discussion deadline to December 31, 2019; (iv) the discovery/expert deposition deadline to December 31, 2019; and (v) the dispositive motion deadline to January 15, 2020.

A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)) (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citation omitted). "If that party was not diligent, the inquiry should end." *Id.* "The party seeking to continue or extend the deadlines bears the burden of proving good cause." *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Further, an extension of a deadline sought after its expiration requires a showing of "excusable neglect," not merely "good cause." *See* Fed. R. Civ. P. 6(b)(1)(B). There are at least four factors in determining whether neglect is excusable: (i) the danger of prejudice

---

[1] It is noted that all three of Defendants "Motions to Extend Case Deadlines" (Docs. 19, 26, 39) fail to comply with Local Rule of Civil Procedure 7.3. Local Rule 7.3 provides that "A statement indicating whether the motion or stipulation is the first, second, third, etc. requested extension must be included , which requires a statement below the title of a motion or stipulation for extension of time that indicates whether the motion or stipulation is seeking a first, second, third, etc. requested extension of time (e.g. "STIPULATION FOR EXTENSION OF TIME TO ANSWER (Second Request)").

to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking into account of all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Here, Defendants acknowledge that the deadlines for disclosing defense and rebuttal experts have passed. (Doc. 39 at 3). Defendants do not address excusable neglect as to their requested extension of these deadlines, but contend that the Court should grant their Motion (Doc. 39) for good cause shown. Defendants explain: (i) that their May 30, 2019 Motion to Disqualify Plaintiff's Expert (Doc. 24) was not resolved until August 8, 2019; (ii) that they received over 42,000 pages of medical records from Banner Health pertaining to the decedent on July 2, 2019; (iii) that they approached Plaintiff's counsel regarding deadline extensions on September 19, 2019 and September 27, 2019; and (iv) that defense counsel was in trial from September 23, 2019 until October 1, 2019 and in an out-of-state trial from October 7-11, 2019. (Doc. 41 at 2).

After considering the equitable factors set forth in *Pioneer*, the Court finds that Defendants have not met their burden of showing that excusable neglect justifies a re-opening of the defense expert witness and rebuttal witness deadlines. First, Plaintiff explains that she has prepared her case based on the unrebutted opinion of her expert. (Doc. 40 at 4). The Court finds a danger of prejudice to Plaintiff. Second, Defendants' two-month delay in requesting a deadline extension is significant. Third, Defendants have not satisfactorily explained why they waited over two months after the defense expert disclosure deadline expired to seek a further extension of case deadlines. Finally, there is not sufficient evidence from which the Court may conclude whether Defendants have acted in good faith. Defendants' Reply indicates that they made a strategic decision not to

disclose their experts while their Motion to Disqualify Plaintiff's Expert (Doc. 24) was pending. (Doc. 41 at 2) ("While a motion on experts was pending, Defendants did not disclose additional experts."). The Court did not stay discovery while the Motion to Disqualify Plaintiff's Expert (Doc. 24) was pending. Moreover, after Defendants filed the Motion to Disqualify, Defendants moved to extend the expert defense disclosure deadline to July 31, 2019.[2] (Doc. 26). This suggested to the Court that Defendants were proceeding with their expert witness disclosures while the Motion to Disqualify was pending.

Defendants also have failed to show good cause to modify the case deadlines. To the extent that Defendants' receipt of the Banner Health medical records on July 2, 2019 necessitated deadline extensions, the long delay in seeking a third modification of the Scheduling Order indicates a lack of diligence. *See Burgos-Martinez v. City of Worcester*, 345 F. Supp. 3d 105, 107 (D. Mass. 2018) (that "counsel was busy is not a satisfactory justification for the untimely motion"); *Blue v. Grannis*, No. Civ. S–05–1256, 2007 WL 125408, at *1 (E.D. Cal. Jan. 18, 2007) (finding no good cause where counsel's excuse for missing a scheduling order deadline was a busy caseload); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (stating that the movant must show that she was "diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order").

Based on the foregoing,

**IT IS ORDERED** denying Defendants' "Motion to Extend Case Deadlines" (Doc. 39).

Dated this 8th day of November, 2019.

*EsWillett*

Honorable Eileen S. Willett
United States Magistrate Judge

---

[2] The Court granted the Motion on June 26, 2019. (Doc. 29).